UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                       )
LANCE McDERMOTT,                       )   No. C05-0860L
                                       )
                    Plaintiff,         )
       v.                              )
                                       )   ORDER DENYING PLAINTIFF'S
UNITED STATES POSTAL SERVICE,          )   MOTION FOR PROTECTIVE ORDER
                                       )
                    Defendants.        )
_____)

        This matter comes before the Court on the plaintiff's "Motion for Protective Order." Dkt. # 17. In the operative pleading, plaintiff alleges that the United States Postal Service has violated governing statutes, rules, regulations, manuals, and policies and apparently seeks a declaration to that effect. Pleading Title: 890 -- Other Statutory Actions (Dkt. # 5). In this motion, plaintiff seeks an order directing the defendant to "rehire the Postal Police to meet the statuary [sic] requirement and needed security, safety and protective measures for all employees and facilities." Motion at 1.

        Plaintiff's complaint sets forth a series of questions, such as "Has Harold Matz violated the security rules by issuing local security rules (policy) when only given implementation authority?" and asks the Court to decide the issues presented. Pleading Title: 890 -- Other Statutory Actions at 20 and 75 (Dkt. # 5). At no point does plaintiff request an order compelling defendant to take action or otherwise request a writ of mandamus to compel

defendant to take action.[1]  He is, therefore, not entitled to such relief.

Even if the Court considers plaintiff's request for an order directing defendant to rehire the Postal Police on its merits, plaintiff has not satisfied the heavy burden of showing that the extraordinary remedy of mandamus is appropriate.  Mandamus is available only when "(1) the plaintiff's claim is clear and certain; (2) the defendant official's duty to act is ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available."  Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994) (internal quotation marks omitted).  Plaintiff has not identified any statutory dictate or other authority imposing a duty on defendant to rehire the Postal Police.  The handbooks, regulations, and documents cited show only that funds derived from recycling programs may by used to hire guards, that the Postal Inspection Service is responsible for the protection of personnel and may authorize a security force at selected facilities, that in 2000 there was a review of the security requirements for the Postal Service, and that there are regulations and policies related to parking/shipping facilities and security/safety measures which plaintiff believes have been violated.  Very few of these provisions describe ministerial tasks and none of them establishes plaintiff's clear and certain right to the reinstatement of the Postal Police.  Assuming for purposes of this motion that plaintiff could satisfy the first two prongs of the mandamus analysis, there is no showing of the lack of other adequate remedy.

---

[1] Although plaintiff has filed additional documents seeking orders directing the Postal Service to take action (see Dkt. # 12 and 31), to the extent plaintiff intended to amend or supplement his complaint through these documents, they are ineffective. Pursuant to Fed. R. Civ. P. 15(a), plaintiff was entitled to amend his complaint once as a matter of course prior to the time defendant filed its first motion to dismiss. This he did by submitting the "Pleading Title: 890 -- Other Statutory Actions" on August 15, 2005. This version of the complaint became the operative pleading in this matter, superseding the original complaint and exhibits filed on May 9, 2005. Plaintiff's subsequent filings (see Dkt. # 12, 13, and 31) do not become part of his complaint or otherwise amend the allegations and claims for relief stated in Dkt. # 5 because plaintiff did not obtain leave of Court or the written consent of defendant as required by Rule 15(a).

ORDER DENYING PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER              -2-

1      For all of the foregoing reasons, plaintiff's motion for protective order is DENIED.

3      DATED this 15th day of June, 2006.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER      -3-