UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LANCE McDERMOTT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES POSTAL SERVICE, ) <br> ) <br> Defendants. ) | No. C05-0860L <br><br> ORDER DENYING DEFENDANT'S <br> FIRST MOTION TO DISMISS |

This matter comes before the Court on the "United States' Opposition to Motion for Protective Order and Motion to Dismiss for Lack of Subject Matter Jurisdiction." Dkt. # 22. In the version of his complaint filed on August 15, 2005 (Dkt. # 5), plaintiff alleges that the United States Postal Service has violated governing statutes, rules, regulations, manuals, and policies and apparently seeks a declaration to that effect.[1] The United States Postal Service seeks dismissal of plaintiff's complaint for lack of subject matter jurisdiction.

---

[1] Pursuant to Fed. R. Civ. P. 15(a), plaintiff was entitled to amend his complaint once as a matter of course prior to the time defendant filed its first motion to dismiss. This he did by submitting the "Pleading Title: 890 -- Other Statutory Actions" on August 15, 2005. This version of the complaint became the operative pleading in this matter, superseding the original complaint and exhibits filed on May 9, 2005. Plaintiff's subsequent attempts to amend or supplement his complaint (see Dkt. # 12, 13, and 31) are ineffective because plaintiff did not obtain leave of Court or the written consent of defendant as required by Rule 15(a). The Court will not consider, and defendant need not respond to, the allegations or requests for relief contained in Dkt. # 12, 13, and 31.

ORDER DENYING DEFENDANT'S
FIRST MOTION TO DISMISS

Having reviewed the memoranda and exhibits submitted by the parties, the Court finds as follows:

(1) Contrary to defendant's first contention, Congress has expressly authorized suits against the United States Postal Service.  See 39 U.S.C. § 401 ("The Postal Service shall have the following general powers: (1) to sue and be sued in its official name . . ."); Franchise Tax Bd. of Cal. v. U.S. Postal Serv., 467 U.S. 512, 517-19 (1984) (finding that the statutory waiver of sovereign immunity is broad enough to permit a garnishment order against the Postal Service).

(2) The United States Supreme Court recently vacated the Ninth Circuit's decision in Whitman v. Dept. of Transp., 382 F.3d 938 (9th Cir. 2004), on which defendant's second jurisdictional argument relies.  Whitman v. Dept. of Transp., __ U.S. __, 126 S. Ct. 2014 (2006). Pursuant to 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Thus, plaintiff may bring his claims of federal law violations before this court unless Congress has enacted a law, such as the Civil Service Reform Act ("CSRA"), which "removes the jurisdiction given to the federal courts . . . or otherwise precludes employees from pursuing remedies beyond those set out in the CSRA."  Whitman, 126 S. Ct. at 2015 (citations omitted).

The Supreme Court remanded Whitman to the Ninth Circuit for a determination of whether the petitioner in that case had alleged a "prohibited personnel practice" under § 2302(b) of the CSRA.  Claims based on such practices may trigger the election of remedies provisions set forth in § 7121(d) or (g), and could ultimately result in a finding that the Court lacks subject matter jurisdiction because plaintiff had waived its right to see redress in federal court by filing a grievance under the collective bargaining agreement.  Neither party addressed these issues and the Court will, therefore, simply deny defendant's motion to dismiss at this point in time.[2]

---

[2] The Court notes, however, that plaintiff's allegations appear to state a "prohibited personnel practice" under § 2302(b)(12) (his allegations regarding the termination of Debra Ann Alley may fall

ORDER DENYING DEFENDANT'S
FIRST MOTION TO DISMISS                  -2-

1  For all of the foregoing reasons, defendant's first motion to dismiss is DENIED.

3  DATED this 15th day of June, 2006.

*MRS Lasnik*

Robert S. Lasnik
United States District Judge

---

under § 2302(b)(8)). Such practices would trigger the election of administrative remedies set forth in § 7121(g), rather than a choice between a civil action and the contractual grievance procedure provided under § 7121(d). Given the Supreme Court's recent reminder that federal courts have jurisdiction over claims asserting violations of federal law unless Congress has removed such jurisdiction, its appears unlikely that the permissive election among administrative remedies described in § 7121(g) would divest the Court of its authority under 28 U.S.C. § 1331.

ORDER DENYING DEFENDANT'S
FIRST MOTION TO DISMISS                -3-