UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
LANCE McDERMOTT,                            )          No. C05-0860L
                                            )
                        Plaintiff,          )
         v.                                 )
                                            )          ORDER DENYING PLAINTIFF'S
UNITED STATES POSTAL SERVICE,               )          DISCOVERY MOTIONS
                                            )
                        Defendants.         )
_____)

       This matter comes before the Court on plaintiff's "Motion for Protective Order" (Dkt. # 36) and "Motion for Order Compelling Disclosure of Discovery" (Dkt. # 37). Having reviewed the memoranda, declaration, and exhibits submitted by the parties, the Court finds as follows:

       (1) Plaintiff did not make a good faith effort to confer with defendant regarding these discovery disputes before filing his motions. The conference requirement of Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 37(a)(2)(A), and Local Civil Rule 37(a)(2)(A) is imposed for the benefit of both the Court and the parties and is intended to ensure that only genuine disagreements are brought before the Court. In the circumstances presented here, compliance with the rules would have involved face-to-face or telephonic communications regarding each of the discovery requests at issue. In his reply, plaintiff confuses the Rule 26(f) conference held at the beginning of this case with the meet and confer requirements imposed by the discovery rules. While this

1 confusion is regrettable, it does not change the fact that the parties have not had an opportunity
2 to resolve these discovery disputes without judicial involvement.  Plaintiff's motions are
3 therefore DENIED for failure to comply with the meet and confer requirements set forth above.

4   (2) In order to expedite this litigation and promote the efficient resolution of this
5 matter, the Court notes that the sole defendant in this case is the United States Postal Service.
6 Plaintiff may, without further leave of Court, address up to twenty-five written interrogatories to
7 that entity: questions addressed to non-party employees or questions in excess of twenty-five
8 would require prior Court permission.  The Court also notes that plaintiff can obtain much of the
9 information he seeks simply by redirecting his interrogatories.  If, for example, the pronoun
10 "you" is replaced with the employee's name, Interrogatory No. 1 would read "By what authority
11 did Chief Operations Officer Patrick Donahoe issue the Policy Memo subject: Vehicle and
12 Facility Security - Mandatory Safety Talks, (reference page 15, line 19 of Complaint)?" and
13 would be addressed to the proper party.  Plaintiff may revise and serve up to twenty-five
14 interrogatories within fourteen days of the date of this Order.[1]

16   Plaintiff's motions for a protective order and to compel responses to
17 interrogatories are DENIED because plaintiff did not attempt to resolve these discovery disputes
18 as required by Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 37(a)(2)(A), and Local Civil Rule
19 37(a)(2)(A).  Plaintiff may, however, revise and serve up to twenty-five interrogatories on the
20 United States Postal Service within fourteen days of the date of this Order.

  DATED this 15th day of June, 2006.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Plaintiff's motion to quash the deposition subpoena is moot.

ORDER DENYING PLAINTIFF'S
DISCOVERY MOTIONS  -2-