# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

_____
)
LANCE McDERMOTT,                              )          No. C05-0860RSL
                                              )
                    Plaintiff,                )
       v.                                     )
                                              )          ORDER DENYING RULE 60(b)
UNITED STATES POSTAL SERVICE,                 )          MOTION FOR RELIEF FROM
                                              )          JUDGMENT OR ORDER
                    Defendant.                )
_____)

This matter comes before the Court on plaintiff's "Motion for Relief of the Court's Order Granting Defendant's Third Motion to Dismiss Pursuant to FRCP Rule 60(b) (1, 2, 5, 6)" (Dkt. #59). On August 28, 2006, the Court dismissed plaintiff's action with prejudice. See Dkt. #56 (Order granting defendant's third motion to dismiss); Dkt. #57 (Judgment). Plaintiff now seeks relief from the Court's order and judgment. Plaintiff styled his motion as one for relief under Fed. R. Civ. P. 60(b) (1, 2, 5 and 6), therefore the Court considers plaintiff's motion through the framework of this rule.

Federal Rule of Civil Procedure 60(b) states in relevant part:

> [T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); . . . (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

ORDER DENYING PLAINTIFF'S
RULE 60(b) MOTION

Plaintiff seeks relief from the Court's August 28 Order under sections (1), (2), (4) and (5), of Rule 60(b), which are discussed in turn below.

First, plaintiff has not shown any "mistake, inadvertence, surprise, or excusable neglect" to support relief from the Court's order and judgment. Nor does the Court find any mistakes of its own in the August 28 Order. See Kingvision Pay-Per-View, Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999). Therefore, relief from the judgment is not warranted under Rule 60(b)(1).

Second, plaintiff has not shown that new evidence: (1) existed at the time of trial; (2) could not have been discovered through due diligence; and (3) was "of such magnitude that production of it earlier would have been likely to change the disposition of the case." See Costal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211-212 (9th Cir. 1987). Although plaintiff included 12 exhibits with his motion, the Court finds that these do not satisfy Rule 60(b)(2)'s requirements. See Dkt. #59 (Exhibits A-L). At least two of the exhibits, A and G, do not appear to have existed before August 28, 2006, and plaintiff has not made a showing that the other documents could not have been discovered through due diligence. More importantly, the Court finds that relief under Rule 60(b)(2) is not justified because the information presented by plaintiff is not of such a magnitude that earlier production of it would have been likely to change the disposition of the case.

Third, plaintiff has not shown under Rule 60(b)(5) that the judgment (Dkt. #57) has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated. The Court also finds there has not been a significant change in factual conditions or the law warranting relief from the August 28 Order. See SEC v. Coldicutt, 258 F.3d 939, 942 (9th Cir. 2001) ("[I]n order to grant a Rule 60(b)(5) motion to modify a court order, a district court must find 'a significant change either in factual conditions or in law.'") (citing Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 384 (1992). Thus, relief under

ORDER DENYING PLAINTIFF'S
RULE 60(b) MOTION

Rule 60(b)(5) is not warranted here.

Finally, plaintiff has not shown there are sufficient grounds to support relief from the August 28 Order under Fed. R. Civ. P. 60(b)(6). "[A] party seeking to reopen a case under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion.'" See United States v. State of Washington, 394 F.3d 1152, 1157 (9th Cir. 2005) (citing Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002). Rule 60(b)(6) is "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" Id. (citing United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). In this case, there are not "extraordinary circumstances" justifying relief under Rule 60(b) because plaintiff's motion simply repeats arguments that plaintiff previously made about the basis of the Court's jurisdiction and plaintiff's standing in this case.

In his motion, plaintiff also requests leave "to amend the Original Pleading with the amendment submitted 5 April 2006, to add the Statutory violations of 39 CFR 231.2 by the Security Control Officer." See Motion at 16. The Court previously denied this request in its August 28, 2006 Order. See Dkt. #56 at n.1. The Court finds there is no reason to grant plaintiff relief from this ruling under Rule 60(b), or otherwise.

For all of the foregoing reasons, plaintiff's "Motion for Relief of the Court's Order Granting Defendant's Third Motion to Dismiss Pursuant to FRCP Rule 60(b) (1, 2, 5, 6)" (Dkt. #59) is DENIED.

DATED this 20th day of November, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge